## STATE v. DAVID HAMLETT.

### *Criminal Law—Witness.*

On a trial for an affray prior to the act of 1881 allowing defendants to testify in their own behalf, one defendant could not oppose the testifying of his co-defendant for himself—the state's counsel not objecting.
(*State* v. *Cowan*, 7 Ired., 239, cited and approved.)

INDICTMENT for an affray tried at January Term, 1881, of WAKE Superior Court, before *Graves, J.*

This is an indictment for an affray and for mutual assaults against the defendant and one Young.

On the trial Young offered himself as a witness in his own behalf, and no objection was then made; but after he began to testify, the defendant Hamlet interposed the objection that he could not testify in his own behalf.   The solicitor said he had no objection to the testimony of the witness in his own behalf, and was willing for him to tell all

about the matter.    The court allowed the witness to proceed,
and the defendant Hamlet excepted.    Both defendants were
found guilty by the jury, and there was judgment accord-
ingly.    From which judgment the defendant Hamlet ap-
pealed.

*Attorney General,* for the State.
No counsel for defendant.

ASHE, J.    The ground of the exception taken by the de-
fendant to the ruling of his Honor upon the admission of
the testimony of his co-defendant, Young, was, that by sec-
tion 16, chapter 43 of Battle's Revisal, a defendant in a
criminal action is declared incompetent to testify in his own
behalf, and this case was tried before the act of 1881, allow-
ing them so to testify.

That is all so ; but with whom lies the right of objection
to such testimony ?   Of course with the party against whom
it is offered, and who is likely to be prejudiced by the ad-
mission of the testimony.

In this case it was exclusively the right of the state to
object, against whom the testimony was offered, and we can
see no reason why the solicitor might not waive the objection.

The defendant certainly had no right to raise the objec-
tion, for the reason that no rights of his on the trial could
possibly be affected by its introduction ; for the state, un-
der the then existing law, had the right to introduce the co-
defendant, Young, to testify against him. So his only ground
of complaint is that Young was allowed to testify, not against
him, but for himself.    But that was a matter entirely be-
tween the state and the co-defendant Young.    If the state
was willing he should be examined in his own behalf, it was
no affair of the defendant, unless it can be shown to operate
in some way to his prejudice on the trial.    We are unable
to see how he could be more prejudiced by his co-defendant

being admitted to testify in his own behalf in a case like this, than in being introduced by the state as a witness to testify directly against him.

Admitting the witness was incompetent and it was error to receive his testimony, yet if it did not operate to the prejudice of the defendant it is no ground for a *venire de novo*. *State* v. *Cowan*, 7 Ired., 239.

There is no error. Let this be certified to the superior court of Wake county, that further proceedings may be had agreeably to this opinion and the law of the state.

No error.                                    Affirmed.